UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIRILL SYCHEV,<br><br>    Plaintiff,<br><br>v.<br><br>ANTONY BLINKEN, in his official capacity as Secretary of State, *et al.*,<br><br>    Defendants. | Civil Action No. 20-3484 (CKK) |

**MEMORANDUM OPINION**
(January 30, 2023)

    This visa action is before the Court on the parties' [33] and [34] supplemental memoranda addressing the applicability of the "consular nonreviewability doctrine" to this case. On March 30, 2022, the Court held in abeyance Defendants' [15] Motion to Dismiss as to all defendants related to the United States Department of State, granting the rest of the Motion. *Sychev v. Jaddou*, Civ. A. No. 20-3484 (CKK), 2022 WL 951378, at *6 (D.D.C.). The Court refers the reader for background on that case, and the Court incorporates that background and analysis herein. At the time, a State Department consular officer had sent Plaintiff's visa application back to the Department of Homeland Security for further processing. *Id.* at *2. Because it appeared that a consular officer had not made a *final* decision, the Court directed the parties to submit supplemental briefing on whether *that* decision was a "consular decision" not subject to judicial review. *Id.* at *4.

    Since then, a State Department consular officer *has* made a final decision on Plaintiff's visa application, denying it by finding Plaintiff ineligible pursuant to 8 U.S.C. § 1201(g). Declaration of Rachel Ann Peterson, ECF No. 33-1 ¶ 3. "[A] consular officer's decision to issue or withhold a visa [is shielded] from judicial review, at least until Congress says otherwise."

*Baan Rao Thai Rest. v. Pompeo*, 985 F.3d 1020, 1024 (D.C. Cir. 2021).  The denial here is, in fact, a final decision on a visa application, and Congress has not otherwise said it is subject to judicial review.  *See Polyzopoulos v. Garland*, Civ. A. No. 20-0804 (CKK), 2021 WL 1405883, at *5-6 (D.D.C. Apr. 14, 2021).  This decision, therefore, is "a power to be exercised exclusively by the political branches of government."  *Kleindienst v. Mandel*, 408 U.S. 753, 765 (1972).

In an effort to find an exception, Plaintiff relies on *Kerry v. Din*, 576 U.S. 86 (2015) (plurality op.), to summarily allege some bad faith on the part of the consular officer.  ECF No. 34 at 5-6.  True, in that case, the Supreme Court repeated the narrow exception to the doctrine of consular nonreviewability where a plaintiff can demonstrate some constitutional violation in the review and denial of their application.  *See* 576 U.S. at 101.  Yet, even assuming such an allegation were in Plaintiff's operative complaint, he pleads no facts rendering such a broad, unsubstantiated legal conclusion facially plausible.  *See Baan Rao*, 985 F.3d at 1029.  As such, Plaintiff's complaint has been mooted by subsequent events, the nonreviewable denial of his application.

\*   \*   \*

Plaintiff's visa application having been finally decided, the Court is powerless to vacate that decision.  Therefore, the remainder of Defendants' [15] Motion to Dismiss is **GRANTED** and Plaintiff's [1] Complaint is **DISMISSED**.  An appropriate order accompanies this Memorandum Opinion.

Dated: January 30, 2023                                     \_\_\_\_/s/_____
                                                                              COLLEEN KOLLAR-KOTELLY
                                                                              United States District Judge